IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GEORGE BOOKER FOSTER, JR.                                              PLAINTIFF

        v.                             Civil No. 4:06-cv-04106

H.L. PHILLIPS, Sheriff, Miller
County, Arkansas; MIKE GRIFFIN,
Jail Warden; SGT. GREEN;
DR. STRINGFELLOW; LT. JANICE;
SGT. RENEE WRIGHT;
NURSE TERRY PORTER; and
JERMIE CORBIT                                                          DEFENDANTS

## ORDER

On January 8, 2007, the court directed service on defendant Jermie Corbit (Doc. 10). A return of service was filed showing Corbit was served on February 15, 2007 (Doc. 20). On May 3, 2007, a show cause order was entered directing Corbit to show cause why default should not be entered against him (Doc. 25).

Corbit responded to the show cause order (Doc. 28) and filed a motion to file an answer out of time (Doc. 29). In the response to the show cause order, Corbit indicates that he was under the impression that the case was being taken care of and that he was unaware of the fact that he was in danger of being held in default. Counsel indicates Corbit failed to notify him that he had been served with the summons and complaint. Counsel asks that Corbit be allowed to file his answer late. Counsel has tendered with the motion Corbit's proposed answer.

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the court may enlarge the time provided by the rules to, among other things, answer a complaint. If the time provided in the applicable rule, here the 20 days set forth in Rule 12(a)(1)(A) of the Federal of Civil Procedure, has expired, the court may extend the time allowed "where the failure to act was the result of excusable

neglect." Fed. R. Civ. P. 6(b). In other words, the court has the authority to allow late filings when the moving party demonstrates excusable neglect.

The excusable neglect standard was discussed in the case of *Welch & Forbes, Inc. v. Cendant Corp.*(*In re Cendant Corp. Prides Litigation*), 233 F.3d 188, 196 (3d Cir. 2000). The court said:

> In *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court held that the rule authorizing courts to accept late filings where the failure of a party to act is the result of "excusable neglect" contemplates that courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control. At the outset, the Supreme Court pronounced that the inquiry is essentially equitable, and necessitates considering a situation's totality:
>
>> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.

*Welch*, 233 F.3d at 196 (*quoting Pioneer*, 507 U.S. at 395).

The court is afforded great leeway in granting or refusing enlargements of time under Rule 6. *See e.g., Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 584 (1st Cir. 1994). I believe Corbit has demonstrated excusable neglect. Accordingly, the motion to file an answer out of time is granted. Corbit is given until the **close of business on June 4, 2007,** to file his answer.

IT IS SO ORDERED this 22nd day of May 2007.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE