IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


GEORGE BOOKER FOSTER, JR.                                                                       PLAINTIFF

            v.                          Civil No. 4:06-cv-04106

H.L. PHILLIPS, Sheriff, Miller
County, Arkansas; MIKE GRIFFIN,
Jail Warden; SGT. GREEN;
DR. STRINGFELLOW; LT. JANICE;
SGT. RENEE WRIGHT; NURSE
TERRY PORTER; and
JERMIE CORBIT                                                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, George Booker Foster, Jr, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 17, 2006. He proceeds pro se and *in forma pauperis*. At the time he filed the action, the plaintiff was incarcerated at the Miller County Correctional Facility.

On May 29, 2007, all mail sent by the court to the plaintiff was returned as undeliverable with a notation that he was no longer incarcerated at the Miller County Correctional Facility. Although the plaintiff did not inform the court of a change in his address, the court noted he had listed on his complaint both the address of the facility he was incarcerated in and a home address. The court was therefore able to enter a change of address on his behalf (Doc. 32).

All mail was re-sent to plaintiff at the home address he had listed on his complaint when it was originally filed. On June 11, 2007, all mail sent to this address was returned as undeliverable.

The court then obtained the home address plaintiff had provided to detention center officials when he was booked in and entered another change of address on the plaintiff's behalf (Doc. 33). All mail was again re-sent to the plaintiff. On August 1, 2007, all mail was returned to the court as

undeliverable with a notation that the post office box had been closed because the fee had not been paid.

Local Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas provides in part as follows:

> Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.

Plaintiff has failed to monitor his case or to keep the court informed of his address. As noted above, all mail sent to the plaintiff since May has been returned to the court as undeliverable. I therefore recommend that the case be dismissed based on his failure to prosecute the case and his failure to obey the rules of the court requiring him to keep the court informed of his current address.

**Foster has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Foster is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of August 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE