IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GEORGE BOOKER FOSTER, JR.                                                          PLAINTIFF

v.                                         Civil No. 4:06-cv-04106

H.L. PHILLIPS, Sheriff, Miller
County, Arkansas; MIKE GRIFFIN,
Jail Warden; SGT. GREEN;
DR. STRINGFELLOW; LT. JANICE;
SGT. RENEE WRIGHT; NURSE
TERRY PORTER; and
JERMIE CORBIT                                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, George Booker Foster, Jr, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 17, 2006. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Jimm Larry Hendren, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

**Discussion**

At the time he filed the action, the Plaintiff was incarcerated at the Miller County Correctional Facility. On May 29, 2007, all mail sent by the court to the Plaintiff was returned as undeliverable with a notation that he was no longer incarcerated at the Miller County Correctional Facility. Although the Plaintiff did not inform the court of a change in his address, the court noted he had listed on his complaint both the address of the facility he was incarcerated in and a home address. The court was therefore able to enter a change of address on his behalf (Doc. 32).

All mail was re-sent to Plaintiff at the home address he had listed on his complaint when it was originally filed. On June 11, 2007, all mail sent to this address was returned as undeliverable.

The court then obtained the home address Plaintiff had provided to detention center officials when he was booked in and entered another change of address on the Plaintiff's behalf (Doc. 33). All mail was again re-sent to the Plaintiff. On August 1, 2007, all mail was returned to the court as undeliverable with a notation that the post office box had been closed because the fee had not been paid.

On August 7, 2007, a report and recommendation was entered (Doc. 34) in which I recommended dismissal based on the Plaintiff's failure to prosecute this action and his failure to comply with Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas which requires parties appearing *pro se* to keep the court informed of their address.

The report and recommendation was adopted by the United States District Judge Hendren on September 6, 2007 (Doc. 35). On September 10, 2007, Plaintiff filed a motion for reconsideration (Doc. 36). In the motion, Plaintiff stated he was unaware of there having been a problem with payments on the post office box. He stated the problem would never happen again.

The motion for reconsideration was granted and the case reopened (Doc. 37). A motion to compel was then filed by the Defendants (Doc. 39). Plaintiff did not respond to the motion to compel and the motion was granted by order entered on November 16, 2007 (Doc. 40). Plaintiff was directed to provide Defendants with the discovery responses by December 3, 2007 (Doc. 40).

On December 7, 2007, Defendants filed a motion to dismiss (Doc. 41). In the motion, Defendants indicate that they have not received the discovery responses or any correspondence from the Plaintiff regarding the discovery responses.

To date, Plaintiff has not responded to the motion to dismiss. Plaintiff has not sought an extension of time to respond to the motion. He has not communicated with the court.

### Conclusion

I therefore recommend that the Defendants' motion to dismiss (Doc. 41) be granted. This case should be dismissed with prejudice based on Plaintiff's failure to comply with the order of the court and his failure to prosecute this action. *See* Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of January 2008.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE